SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER: COMMERCIAL DIVISION

TOWNSQUARE MEDIA, INC.,

         Plaintiff,

-against-

REGENCY FURNITURE, INC. and REGENCY MANAGEMENT SERVICES, LLC,

         Defendants.

EXHIBIT B

Index No.  56388/2021

COMPLAINT

  Plaintiff Townsquare Media, Inc. ("Plaintiff"), by its attorneys Schwartz Sladkus Reich Greenberg Atlas LLP, as and for its complaint against defendants Regency Furniture, Inc. and Regency Management Services, LLC (collectively, "Defendants"), alleges as follows:

## NATURE OF THIS ACTION

  1. Plaintiff brings this action to recover payment of $777,389.00 in outstanding charges for digital and broadcast advertising services that Plaintiff rendered to Defendants from December 2019 through March 2021 under the agreed upon terms of various purchase agreements (the "Agreements").

  2. While Plaintiff has made several demands for Defendants to pay the open invoices, Defendants have failed and refused to do so without explanation. Plaintiff therefore is forced to bring this action to remedy Defendants' material breaches and recover payment of the outstanding charges it unequivocally is owed.

## PARTIES

  3. Plaintiff is a business corporation organized under the laws of the State of Delaware and authorized to do business in the State of New York. Plaintiff's principal office is located at 1 Manhattanville Road, Suite 202, Purchase, New York 10577.

4. Defendant Regency Furniture, Inc. ("Regency Furniture") is a business corporation organized under the laws of the State of Maryland. Regency Furniture's principal office is located at 7900 Cedarville Road, Brandywine, Maryland 20613.

5. Defendant Regency Management Services, LLC ("Regency Management") is a limited liability company organized under the laws of the State of Maryland. Regency Management's principal office is located at 7900 Cedarville Road, Brandywine, Maryland 20613.

6. Upon information and belief, Regency Furniture and Regency Management are affiliated companies.

## JURISDICTION

7. Pursuant to CPLR § 302(a)(1), the State of New York has jurisdiction over Defendants since the causes of action herein arise from Defendants' transaction of business within New York.

## VENUE

8. Pursuant to CPLR §§ 503(a) and (c), venue is proper in Westchester County because Plaintiff is a foreign corporation authorized to transact business in the State of New York and currently maintains its principal office in Westchester County, New York.

## FACTS COMMON TO ALL CLAIMS

9. Plaintiff is a community-focused digital media, digital marketing solutions and radio company focused outside the top 50 markets in the United States.

10. Plaintiff enters into agreements with businesses to, among other things, broadcast commercials on its owned and operated radio stations and display ads and content on Plaintiff's portfolio of premium music and entertainment website properties so users may view and click on the links to these advertisements and content. For radio broadcasting, the advertiser

2

pays for spots based on spot length, audience delivery, and inventory. For digital advertising campaigns through Townsquare Ignite, Plaintiff provides data-driven technology and proven tactics to reach targeted audiences across multiple platforms in a given service area.

### A. The Relevant Terms of the Agreements between Plaintiff and Defendants

11. Plaintiff and Defendants entered into various agreements for the purchase of broadcast and digital advertising, on or about November 14, 2019, November 22, 2019, December 13, 2019, January 24, 2020, and February 24, 2020. Pursuant to these Agreements, Defendants agreed to pay Plaintiff an agreed upon rate for the advertising spots aired and an agreed upon rate for the digital media that Plaintiff delivered.

12. Defendants, who are in retail furniture business, would often make changes and modifications to the various campaigns they ran with Plaintiff to coincide with in-store promotional events at their various store and regional sales locations. This would result in an increase in Defendants' advertising budget with Plaintiff, especially around the holiday season (December) and presidents' week (February).

13. In accordance with the Agreements, Plaintiff rendered monthly invoices to Defendants that reflect the total charges for radio broadcasting and digital advertising services provided that month. Defendants are required to pay Plaintiff's invoices within thirty (30) days of receipt.

### B. Plaintiff's Performance of the Agreements and Defendants' Breaches

14. During the months of December 2019 through March 2021, Plaintiff performed for Defendants, at Defendants' request and with Defendants' consent, the aforementioned radio broadcast and digital advertising services to promote Defendants' various campaigns.

3

15. Plaintiff transmitted invoices for broadcast and digital services rendered to Defendants as follows:

**Broadcast:**

| | |
|---|---|
| December 2020 | $27,200.00 |
| January 2021 | $35,700.00 |
| February 2021 | $34,000.00 |
| March 2021 | $25,500.00 |

**Digital:**

| | |
|---|---|
| December 2019 | $110,900.00 |
| January 2020 | $141,500.00 |
| February 2020 | $155,000.00 |
| March 2020 | $152,170.00 |
| January 2021 | $32,500.00 |
| February 2021 | $36,802.00 |
| March 2021 | $26,117.00 |

16. Together, Defendants incurred a total of $777,389.00 in agreed-upon charges for Plaintiff's broadcast and digital advertising services furnished to Defendants. Payment for the invoices for these months were due within thirty (30) days after they were rendered to Defendants.

17. Despite due demand, Defendants have failed and refused to pay these invoices or any portion of them, and payment is well past due.

18. Defendants have never disputed receiving Plaintiff's invoices, have never disputed the charges in the invoices, and have never disputed Plaintiff's performance of its obligations under the Agreements or otherwise. On the contrary, throughout the many years Plaintiff has worked with Defendants, Defendants have continued to solicit radio broadcast and digital advertising services from Plaintiff and, until Defendants' defaults, would regularly pay Plaintiff's invoices in a timely fashion.

19. Defendants have no defense to the allegations herein and have readily admitted Defendants' responsibility for making payment. For instance, in an April 1, 2021 email from Craig Jones, one of Defendants' representatives, to Brian Lang, Plaintiff's Chief Revenue Officer, Mr. Jones replies to Mr. Lang's requests for payment as follows: "Hi Brian, thanks for following up. We're working on approval and pushing to get payment as quickly as possible. Sorry for the delay and we appreciate your partnership."

20. Despite Mr. Jones' contrite tone and admission that Defendants are in default of their payment obligations, Defendants made no payments after this email and have stopped responding to Plaintiff's demands for payment, including, most recently, an April 26, 2021 letter from Plaintiff's General Counsel to Defendant's president.

21. Based upon the foregoing, Defendants are liable to Plaintiff for the $777,389.00 debt plus interest and all costs of collection.

### FIRST CAUSE OF ACTION AGAINST DEFENDANTS
**(Breach of Contract)**

22. Plaintiff repeats and re-alleges all prior paragraphs.

23. Plaintiff performed all the services it was required to perform under the Agreements, including those services resulting in the charges in the outstanding invoices for December 2019 through March 2021, and duly rendered to Defendants invoices totaling $777,389.00.

24. Defendants have failed and refused to make any payments against the invoices, including by the due dates thereof, leaving an unpaid principal balance of $777,389.00, which is presently due and owing.

25. Defendants have breached the Agreements by failing to pay their outstanding balance of $777,389.00.

26. Plaintiff has performed all its obligations under the Agreements, and is not, and never has been, in breach thereof.

27. By reason of Defendants' breaches of the Agreements, Plaintiff has been damaged in the amount of $777,389.00, plus interest and costs of collection.

28. Accordingly, Defendants are liable to Plaintiff for breach of contract in the amount of $777,389.00, plus interest thereon, together with all costs of collection.

## SECOND CAUSE OF ACTION AGAINST DEFENDANTS
### (Account Stated)

29. Plaintiff repeats and re-alleges all prior paragraphs.

30. Defendants received Plaintiff's invoices for December 2019 through March 2021, held them without objection, and have made no payments whatsoever against them.

31. Defendants have failed to pay the total sum of $777,389.00 that is presently due and owing under the invoices.

32. Accordingly, true and just accounts have been stated as between Defendants and Plaintiff, and Defendants are liable to Plaintiff on the accounts stated in the amount of $777,389.00, plus interest thereon.

**WHEREFORE**, Plaintiff demands Judgment as follows:

a. On the First Cause of Action for breach of contract against Defendants, in the amount of $777,389.00, plus statutory interest thereon, as well as all costs of collection;

b. On the Second Cause of Action for account stated against Defendants, in the amount of $777,389.00, plus statutory interest thereon; and

c. Granting to Plaintiff such other and further relief against Defendants as the Court deems just and proper, including the costs and disbursements of this action.

Dated: New York, New York
May 10, 2021

                                        SCHWARTZ SLADKUS REICH
                                            GREENBERG ATLAS LLP

*Attorneys for Plaintiff Townsquare Media, Inc.*

By: _____
      Jared E. Paioff
444 Madison Avenue, 6th Floor
New York, New York 10023
(212) 743-7000

7