ALAN L. FRANK ●*+▫
KYLE M. KULZER*+
SAMANTHA A. MILLROOD*+
EVAN L. FRANK *+♪▵
JORDAN E. FRANK *+
JACLYN H. FRANK *+♪
JEFFREY J. GOLDIN *+
DANIEL A. ROSS *+
PATRICK W. BROWN *+

PARALEGALS
DEBRA E. MCGUCKIN
DEE A. WILK
DAWN M. WELSH

● Certified by the NJ Supreme Court
  as a Civil Trial Attorney
* MEMBER PA BAR
+ MEMBER NJ BAR
▫ MEMBER NY BAR
♪ MEMBER FL BAR
▵ REGISTERED PATENT ATTORNEY

# ALAN L. FRANK
# LAW ASSOCIATES, P.C.
### Attorneys at Law

135 OLD YORK ROAD
JENKINTOWN, PA 19046
(215) 935-1000
FAX NO. (215) 935-1110

NEW JERSEY OFFICE

1103 LAUREL OAK ROAD
SUITE 140
VOORHEES, NJ 08043

NEW YORK OFFICE

45 BROADWAY, SUITE 720
NEW YORK, NY 10006

E-MAIL ADDRESS:
afrank@alflaw.net

September 21, 2021

**VIA ECF**
The Honorable Judith C. McCarthy U.S.M.J.
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas Street
White Plains, NY 10601-4150

      **RE:**   *Townsquare Media, Inc. v. Regency Furniture, Inc., et al. Case. No. 7:21-cv-04695-KMK, Discovery Dispute Pursuant to Local Civil Rule 37.2*

Dear Judge McCarthy:

      This firm represents Defendants Regency Furniture, Inc. and Regency Management Services, LLC ("Defendants") in the above-referenced matter. Kindly accept this letter pursuant to Southern District of New York Local Civil Rule 37.2 in response to Plaintiff Townsquare Media, Inc.'s ("Plaintiff") September 17, 2021 letter.

      This letter is being filed following the parties' September 8, 2021 telephonic conference with Your Honor and a subsequent meet and confer amongst the parties on September 13, 2021. The parties were able to come to an agreement regarding all discovery issues, with the exception of gift cards, and are to produce supplemental discovery documents by September 23, 2021 for those resolved issues. Defendants now submit this letter regarding gift cards that Defendants believe, and that the documents and records show, were inappropriately applied and mistakenly revealed by Plaintiff in Plaintiff's December 2019 invoice. There is also email traffic that indicates that this gift card program had been going on for several years prior to December 2019. However, it remains unclear how extensive the gift card program actually was or to what extent Defendants' buyer was improperly incentivized. This information can be learned through Plaintiff's internal communications and documents regarding gift cards. Defendants respectfully request that Your Honor issue an order directing Plaintiff to turn over all communications and documents regarding gift cards in reference to the Defendants.

Judge McCarthy
September 21, 2021
Page - 2 -

By way of background, Plaintiff filed a claim on May 10, 2021, against Defendants alleging that Plaintiff was due payment for broadcast and digital advertising services that were provided for Defendants' retail furniture businesses from late 2019 until early 2021 for about $777,000.00. In response, Defendants have argued that cost of the gift cards was being inappropriately included in Plaintiff's invoices for December 2019. Although these particular inappropriate charges were allegedly credited, on multiple occasions, Plaintiff promised that it would remove the costs for these gift cards in *all* invoices delivered prior to December 2019. However, e-mail traffic shows that these inappropriate gift cards charges were included in other invoices. On July 14, 2021, Defendants sent their First Set of Document Requests. (Defendants' requests and responses thereto have been attached hereto as Exhibit A.) Included in those requests was a request pertaining to gift cards as follows:

> **Document Request 13**. All Documents and Communications in support of which specific representatives, employees, salespersons and support staff members of Plaintiff, if any, received gift cards in response to any "agreement" referenced in paragraph 11 of the Compliant or any invoice referenced in paragraph 15 of the Complaint.
> **Response to document Request 13**: Plaintiff objects to this Doc. Request on the grounds that is vague, overbroad, burdensome, and irrelevant.

(Exhibit A, 13.)[1]

Generally, "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). "Although not unlimited, relevance, for purposes of discovery, is an extremely broad concept." *Triligiant Corp. v. Sitel Corp.*, 275 F.R.D. 428, 431 (S.D.N.Y. 2011) (internal citation omitted). "The burden of demonstrating relevance is on the party seeking discovery." *Id.* "Once relevance has been shown, it is up to the responding party to justify curtailing discovery. *Id.* (quoting *Condit v. Dunne*, 225F.R.D. 100, 106 (S.D.N.Y. 2004).) In *Trilegiant Corp.*, the court found that Trilegiant's projected earnings for various contracts with a company, Sitel, were relevant because they went directly related to Trilegiant's claim for actual damages. If Trilegiant were to not respond in full by a certain date, then they would be precluded from using such documents in support of lost profits. *Triligaint Corp.*, 275 F.R.D. at 433.

Here, like in *Trilegiant*, the gift card plan goes directly to Plaintiff's alleged actual damages. Plaintiff claims that it is owed over $700,000.00; however, it remains unclear how much of that is the result of this gift card program that Plaintiff is also trying to recover for. Email traffic on June

---

[1] On September 3, 2021, Defendants provided Plaintiff with its Second Set of Discovery Requests with some of those requests pertaining to internal communications amongst nine (9) employees of Plaintiff regarding gifts cards. (Defendants' Second Set of Discovery Requests has been attached hereto as Exhibit B, 3 and 6.) Although Plaintiff's responses to the Second Set of Discovery Requests are not yet due, it is believed and therefore averred that Plaintiff will object to these requests and any others regarding gift cards until Your Honor issues an order directing whether or not Plaintiff need to produce gift card communications and documents.

Judge McCarthy
September 21, 2021
Page - 3 -

22, 2020 shows that the gift card program had occurred before. Three (3) separate December 2019 invoices also show line items for "Gifts" with rates of "$1,000.00" and $2,500.00". (These invoices are attached hereto as Exhibit C.) When Plaintiff's corporate designee, William Campbell, was asked at his deposition whether Defendants had been charged for the gifts, Campbell responded with "I saw them on the invoices. I don't necessarily know they were charged." (Campbell's Dep. Tr. has been attached hereto as Exhibit D, 132:6-9. When Campbell was asked "how many years was it that the gift program that we're seeing here had been running with [Defendants] before December of 2019", Campbell responded with "I specifically remember at least two." *Id.*, 116:16-19. When Campbell was asked if Plaintiff has records showing where the gift cards were purchased from, Campbell responded with that information could be in the possession of the purchaser and "accounting team". *Id.*, 96:16-24; 97:1-3. Defendants' corporate designee, Tara Kelly, even said at her deposition that "I certainly would never allow somebody to invoice me and use it to bonus their staff". (Tara Kelly Dep. Tr. has been attached hereto as Exhibit E, 110:13-14.) It also remains unclear to what extent Defendants' buyer, Michael Ritter, was improperly incentivized with the gift cards. Plaintiff purchased the gift cards, Ritter handed out the gift cards and it is unknown if Ritter kept any for himself. Exhibit D, 101:23-24; 102:11-18; 103:8-12. Yet, "it's weird... that a media partner would invoice [...] for gift cards that went to their staff." Exhibit E, 110:18-20. It is clear that the gift card information is relevant. It remains clear that communications and documents regarding the gift cards are very much relevant.

Plaintiff has attempted to curtail gift discovery by citing to a North Carolina case, which is not controlling precedent and deals with separate contracts as opposed to "Gift" line items that Plaintiff is attempting to collect on. Plaintiff has also argued that Defendants' corporate designee, Tara Kelly, said at her deposition that "there are not" in reference to there being other invoices since 2019 regarding gift card charges. However, the question and answer actually went as follows:

> 20 **Q. Okay. Are there any other invoices since**
> 21 **the invoices from December 2019 that contained any**
> 22 **charges for the gift cards?**
> 23 **A. There are not. However, there was an**
> 24 **admission in an e-mail that those types of, you**
> 1 **know, barter, whatever you want to call them, had**
> 2 **happened in previous years, yet I have no invoice to**
> 3 **substantiate that, which is alarming.**

Exhibit E, 46:20-24; 47:1-3. Based on the foregoing, Plaintiff should turn over gift card discovery.

Very truly yours,

*/s/ Alan L. Frank*
**ALAN L. FRANK**

ALF/jef
cc: Jared E. Paioff, Esq. (ecf)