UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TOWNSQUARE MEDIA, INC., <br><br> Plaintiff, <br><br> -against- <br><br> REGENCY FURNITURE, INC. and REGENCY MANAGEMENT SERVICES, LLC, <br><br> Defendants. | Case No. 7:21-cv-04695-KMK <br><br> **AFFIRMATION OF JARED E. PAIOFF IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |

**JARED E. PAIOFF,** an attorney duly admitted to practice law before the courts of the State of New York, affirms the following to be true under the penalties of perjury:

1. I am a member in good standing of the bar of the State of New York and a partner of the law firm of Schwartz Sladkus Reich Greenberg Atlas LLP, attorneys for plaintiff Townsquare Media, Inc.[1]  I am fully familiar with the facts and circumstances set forth below.

2. I respectfully submit this affirmation in support of Plaintiff's summary judgment motion for an Order: (a) awarding judgment as to liability in favor of Plaintiff and against Regency Management on Plaintiff's cause of action for breach of contract and against both defendants on Plaintiff's cause of action for account stated; (b) conforming the pleadings to the evidence and awarding judgment as to damages in favor of Plaintiff and against defendants in the amount of $786,945, plus statutory interest against Regency Management from the date of the various breaches; and (c) dismissing, with prejudice, all of defendants' affirmative defenses in their Answer.

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the accompanying memorandum of law in support of Plaintiff's summary judgment motion.

3. It is patently obvious from all the undisputed facts, conclusive evidence, and defendants' admissions that Plaintiff performed the advertising services for defendants, rendered invoices to them, they received the invoices and promised to make payment, they made partial payment against some of the invoices, and have failed and refused to pay the balance owed. Since there are no triable issues of fact, summary judgment is appropriate in this case.

4. The arguments for why Plaintiff's motion should be granted are set forth in the accompanying memorandum of law. My affirmation is intended to attach exhibits, including deposition transcripts of Plaintiff's and defendants' witnesses, as well as documentation defendants' produced in discovery and other disclosure, on the basis of which we contend a finding of liability and damages against defendants is warranted.

5. Attached hereto as **Exhibit 17** is a true and correct copy of the transcript of the September 1, 2021 deposition of defendants' corporate designee, Tara Kelly.

6. Attached hereto as **Exhibit 18** is a true and correct copy of the transcript of the September 1, 2021 deposition of Plaintiff's corporate designee, William N. Campbell.

7. Attached hereto as **Exhibit 19** is a true and correct copy of Plaintiff's Objections and Responses to Defendants' First Set of Interrogatories.

8. Attached hereto as **Exhibit 20** is a true and correct copy of schedule of Plaintiff's invoices to defendants (*i.e.*, an aging report) that defendants' produced in discovery bearing bates numbers 001411-001412. Regency Management's other corporate designee and CFO, Craig Jones, testified that he generated this document. It reflects a total amount due of $786,945.00, which figure equals the $828,595.00 in total charges in the outstanding invoices according to Plaintiff's records, less the $41,650 in partial payments that defendants made. The difference in totals between Exh. 20 and Exh. 9/Exh. 11 to the Northridge Aff. are that Exh. 20 recorded two

invoices – one for $8,847.51 and the other for $1,350.00 – on the broadcast side, whereas Exh.9/Exh. 11 recorded these invoices on the digital side. They also account for a credit of $646.50.

9.      Exh. 20 also includes a May 30, 2021 invoice that Plaintiff rendered to defendants for digital advertising services in the amount of $20,181 (*i.e.*, after the Complaint was filed on May 11, 2021); April 25, 2021 invoices for broadcast advertising services in the total amount of $24,225; and May 30, 2021 invoices for broadcast advertising services in the total amount of $6,800.  The outstanding balance of $786,945.00 on Exh. 20 accounts for two payments from defendants, one on April 30, 2021 for $27,200 and one on May 11, 2021 for $14,450.  Because the timing of these invoices and payments was either shortly before or after the Complaint was filed, they were not referenced in the Complaint or included in the calculation of the amount due at the time.  Since defendants' obviously were aware of them and their own records reflect them, they would not be prejudiced if the Complaint is amended to conform to this evidence that was exchanged in discovery before depositions were completed.

10.     Based upon the aging report (Exh. 20) and Mr. Jones' testimony, in response to my question how he generated it, that he "pulled invoices from our – from the accounting system and compiled them one-by-one" (Jones. Tr. at p. 41 lns. 5-7), defendants have not disputed receipt of Plaintiff's invoices.  They also included many of Plaintiff's invoices in their discovery production.  A true and correct copy of a September 23, 2021 email from defendants' counsel's office to me in which they include a DropBox link to defendants' supplemental document production, including Plaintiff's invoices bates stamped 000041-0000111, 001404-001409, and 001413-001427, is annexed hereto as **Exhibit 21**.

11. Defendants likewise concede, at paragraph 11 of their Answer, that Plaintiff entered into the Agreements for digital and broadcast advertising with Regency Management. A true and correct copy of defendants' Answer to Plaintiff's Complaint is annexed hereto as **Exhibit 22**.

12. Defendants' internal emails, which they produced in discovery, also establish that they authorized partial payment, including the email chain bates stamped 000165-000166, a true and correct copy of which is annexed hereto as **Exhibit 23**.

13. And, in response to Plaintiff's offer of a payment plan, defendants' discussed "counter[ing] with a plan to get them current by August." A true and correct copy of this email chain, which is bates stamped 000197-000198, is annexed hereto as **Exhibit 24**.

14. In one internal email that Mr. Jones sent to defendants' CEO on April 13, 2021, Mr. Jones even acknowledges that "We still have an outstanding invoice for townsquare, not included below. Total outstanding to Townsquare is $206,300 (which doesn't include anything before 10/1/2020)." According to Plaintiff's records, the total amount owed for invoices prior to October 1, 2020 is $559,570 (*see* Northridge Aff. ¶ 3) and the total amount billed after Mr. Jones' email was sent is $26,981 (*id.*), so Mr. Jones' statement of the balance owed at that time is in line with Plaintiff's records. A true and correct copy of this email chain, which is bates stamped 000192-000195, is annexed hereto as **Exhibit 25**.

15. Nor is defendants' "gift card" defense remotely viable. In addition to defendants' own witness undermining it, Magistrate Judge McCarthy clearly saw no merit in it because she precluded defendants from taking any further discovery concerning gift cards. A true and correct copy of Judge McCarthy's minute entry reflecting her ruling is annexed hereto as **Exhibit 26**.

16.     Likewise, defendants' contention that they have not paid the outstanding invoices on the digital side because Plaintiff was asked to supply affidavits of performance is rebutted by Ms. Kelly's deposition testimony.  When I asked her for the specific source of the supposed requirement that affidavits of performance were requested on the digital side, she referenced a solitary email she sent to Plaintiff in December 2020 that makes no mention whatsoever of affidavits or proofs of performance.  It also was sent well after several invoices (in the tune of over $550,000) were sent and certainly does not condition payment on any affidavits or proofs of performance.  A true and correct copy of that email is annexed hereto as **Exhibit 27**.

17.     Defendants' affirmative defenses should be stricken for the foregoing reasons and those set forth in our memorandum of law. Based upon my review of defendants' documentary responses and deposition testimony, it is clear they did not comply with all their discovery obligations, including, but not limited to, by not providing complete responses to Plaintiff's Requests for Documents numbered 12, 13, and 15.  This is even after we served a deficiency notice and had a meet and confer. A true and correct copy of  Plaintiff's First Request for the Production of Documents is annexed hereto as **Exhibit 28**.

18.     Attached hereto as **Exhibit 29** is a true and correct copy of the transcript of the October 14, 2021 deposition of defendants' other corporate designee, Craig Jones.

19.     For the reasons set forth herein and in the accompanying memorandum of law o, Plaintiff's motion for summary judgment should be granted in its entirety.

Dated: New York, New York
        December 9, 2021

_____
JARED E. PAIOFF