UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TOWNSQUARE MEDIA, INC.,

                       Plaintiff,

    v.

REGENCY FURNITURE, INC.

                       Defendant.

No. 21-CV-4695 (KMK)

ORDER

KENNETH M. KARAS, United States District Judge:

    Before the Court is a Fee Application submitted by Regency Furniture ("Defendant") in connection with the Court's award of sanctions against Townsquare Media, Inc. ("Plaintiff"), for failure to meet its discovery obligations under Federal Rule of Civil Procedure ("FRCP") 30(b)(6) with respect to corporate designee Brian Lang ("Lang"). (*See* Dkt. No. 90.) Plaintiff has not opposed Defendant's motion. (*See generally* Dkt.)

    Defendant seeks to recover attorneys' fees of $1,080.00 and costs of $433.15. (*See* Dkt. No. 90 at 3.) As required by this Court's Order, (*see* Dkt. No. 89), Defendant has submitted contemporaneous time records reflecting the attorney, date, hours expended, and nature of the work done in connection with Lang's testimony, (*see* Dkt. No. 90-1); and the receipts associated with his testimony, (*see* Dkt. No. 90-2).

    A "presumptively reasonable" attorney's fee is "the lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case." *HRB Pro. Res. LLC v. Bello*, No. 17-CV-7443, 2018 WL 4629124, at *7 (S.D.N.Y. Sept. 27, 2018) (*quoting Millea v. Metro-N. R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (internal quotation marks omitted)).

> "A reasonable hourly rate is based on 'the [current] prevailing market rate for lawyers in the district in which the ruling court sits.'" *Id.* at *8 (quoting *Anthony v. Franklin First Fin., Ltd.*, 844 F. Supp. 2d 504, 507 (S.D.N.Y. 2012)).
>
> Additionally, the Second Circuit has adopted the following factors, inter alia, to guide the inquiry as to what constitutes a reasonable hourly rate: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Jaramillo v. Latino Regal Corp.*, No. 19-CV-3104, 2024 WL 4648135, at *16 (E.D.N.Y. Sept. 4, 2024); *see also HRB Pro. Res. LLC,* 2018 WL 4629124, at *8 (same).

Defendant's attorney, Mr. Frank, requests an hourly rate of $540.00. (*See* Dkt. No. 90-1.) Mr. Frank is the managing attorney of a commercial litigation boutique, Alan L. Frank Law Associates, P.C., and has been practicing for forty-two years. (*See* Dkt. No. 90 at 2.) Courts in this District have found similar rates reasonable for experienced attorneys. *See Pizarro v. Euros El Tina Rest. Lounge & Billiards Corp.*, No. 20-CV-5783, 2024 WL 837572, at *4 (S.D.N.Y. Feb. 27, 2024) (concluding that a rate of $550 per hour was reasonable); *Redzepagic v. Hammer*, No. 14-CV-9808, 2017 WL 1951865, at *2 n.2 (S.D.N.Y. May 8, 2017) (determining that $500 an hour was a reasonable rate for a partner)*; Bailey v. Pataki*, No. 08-CV-8563, 2016 WL 3545941, at *6 (S.D.N.Y. June 16, 2016) (holding that a rate of $550 was reasonable for lawyers with over a decade of experience). Therefore, the Court finds this to be a reasonable hourly rate.

The Court next turns to Mr. Frank's hours expended on the deposition. "[A]ny attorney . . . who applies for court-ordered compensation in this Circuit . . . must document the application with contemporaneous time records . . . . specify[ing], for each attorney, the date, the hours expended, and the nature of the work done." *Chen v. Hunan Manor Enter., Inc.*, No. 17-

2

CV-802, 2024 WL 2140119, at *7 (S.D.N.Y. May 14, 2024) (ellipsis in original) (quoting *New York State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983)), *report and recommendation adopted*, No. 17-CV-802, 2024 WL 3454751 (S.D.N.Y. July 18, 2024); *see also Brathwaite v. Martini Collections Inc., et al*, No. 22-CV-4929, 2025 WL 99108, at *9 (S.D.N.Y. Jan. 14, 2025) (applying the same standard). "If a court finds that claimed hours are 'excessive, redundant, or otherwise unnecessary,' it should exclude those hours from its calculation of the presumptively reasonable fee." *Brathwaite*, 2025 WL 99108 at *10 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Here, Mr. Frank has provided documentation suggesting he spent two hours preparing for and attending Lang's deposition: one hour in the deposition and one hour of preparation. (*See* 90-1, 90-2 at 2 (stating that Lang's deposition lasted one hour).) This number is in line with the number of hours courts have previously found reasonable for deposition preparation. *See, e.g.*, *Mugavero v. Arms Acres, Inc.*, No. 03-CV-5724, 2010 WL 451045, at *11 n.10 (S.D.N.Y. Feb. 9, 2010) (determining that eight hours spent preparing for four-hour deposition was reasonable); *Gursslin v. City of Rochester*, No. 20-CV-6508, 2023 WL 11916331, at *5 (W.D.N.Y. May 11, 2023) (concluding that one hour of witness deposition preparation was reasonable); *Loc. 3621, EMS Officers Union, DC-37, AFSCME, AFL-CIO v. City of New York*, No. 18-CV-4476, 2022 WL 832025, at *7 (S.D.N.Y. Mar. 21, 2022) (holding that a preparation to deposition ratio of 1.78:1 was reasonable). Thus, the Court finds Mr. Frank's hours expended on the deposition to be reasonable.

Defendant also seeks to recover $433.15 in costs, which reflects a sum of the cost of the transcript ($323.15) and video services associated with Lang's deposition ($110.00). (*See* Dkt. Nos. 90-1 at 1; 90-2 at 1.) "Courts routinely note that counsel is entitled to reimbursement . . .

3

for reasonable litigation expenses." *Kohari v. MetLife Grp., Inc.*, No. 21-CV-6146, 2025 WL 100898, at *12 (S.D.N.Y. Jan. 15, 2025) (ellipsis in original) (quoting *Anwar v. Fairfield Greenwich Ltd.*, No. 09-CV-118, 2012 WL 1981505, at *3 (S.D.N.Y. June 1, 2012)). Defendant provided itemized receipts reflecting the cost of the transcript and video services. (*See* Dkt. No. 90-2.) These costs are therefore recoverable and properly supported. *See Reiter v. Maxi-Aids, Inc.*, No. 14-CV-3712, 2019 WL 1641306, at *7 (E.D.N.Y. Apr. 16, 2019) (finding recovery appropriate where the plaintiff had provided documentation to support award of costs associated with transcripts and video depositions).

For the reasons set forth above, the Defendant's motion for attorneys' fees and costs is granted in the amount of $1,513.15, or 1,080.00 in attorney's fees and $433.15 in costs.

The Clerk of Court is respectfully directed to terminate the pending motion (Dkt. No. 90).

SO ORDERED.

Dated:   March 24, 2025
         White Plains, New York

_____
KENNETH M. KARAS
United States District Judge